**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 25-2019 & 25-3021 (cons.)
_____

JEAN BUTEAU REMARQUE,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A065-857-251)
Immigration Judge:  William H. McDermott

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2026
Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: July 20, 2026)
_____

OPINION*
_____

PER CURIAM

Jean Buteau Remarque, a Haitian citizen, petitions for review of the Board of

Immigration Appeals' orders (1) dismissing his appeal from an Immigration Judge's final

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

removal order; and (2) denying his motion for reconsideration thereof. For the following reasons, we will deny the consolidated petitions for review.

I.

Remarque was admitted to the United States as a conditional lawful permanent resident in 2017. In 2021, he was convicted in the United States District Court for the District of Maryland of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He was sentenced to ninety months' imprisonment. As a result of these convictions, the Department of Homeland Security (DHS) charged him with removability for, inter alia, having been convicted of (1) a crime involving moral turpitude (CIMT) committed within five years after the date of admission and for which a sentence of one year or more may be imposed, *see* 8 U.S.C. § 1227(a)(2)(A)(i), and (2) "a crime of child abuse, child neglect, or child abandonment," *see* 8 U.S.C. § 1227(a)(2)(E)(i).

Although DHS initiated the proceedings in the Baltimore Immigration Court, it later filed a corrected Notice to Appear (NTA) directing Remarque to appear for his first hearing at the Philadelphia Immigration Court instead. Remarque complained that the Government had not followed the required procedures to transfer his case to Philadelphia and moved to terminate the proceedings. The Immigration Judge (IJ) rejected his argument and denied the motion. The IJ then concluded that Remarque was removable as charged.

On appeal to the Board of Immigration Appeals (BIA), Remarque argued that (1)

2

jurisdiction never properly vested with the Philadelphia Immigration Court; (2) his record of conviction was not properly authenticated; (3) he was not removable because his child pornography convictions do not categorically qualify as either a CIMT or "child abuse"; and (4) the IJ's failure to adjudicate his pending I-751 petition was arbitrary and capricious. The BIA rejected these arguments, affirmed and adopted the IJ's decision, and dismissed Remarque's appeal. Remarque moved the Board to reconsider its ruling, but it denied that motion.

Remarque timely petitioned for review from each BIA decision. The petitions for review have been consolidated.

## II.

We have jurisdiction under 8 U.S.C. § 1252. We review de novo the agency's removability determination, *see Moreno v. Att'y Gen.*, 887 F.3d 160, 163 (3d Cir. 2018), and its adjudication of Remarque's due-process claims, *see Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 212–13 (3d Cir. 2017). We review the Board's denial of his motion for reconsideration for abuse of discretion. *See Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005).

## III.

Remarque first argues that the Philadelphia Immigration Court lacked jurisdiction over his removal proceedings because DHS issued two conflicting Notices to Appear (NTAs), "one of which contained a false certificate of service and vested jurisdiction in the wrong venue." Br. 2. When Remarque made this argument to the IJ, the IJ found no

evidence of fraud and credited a deportation officer's affidavit attesting that the NTA was personally served on Remarque, but he refused to accept service. The IJ further concluded that the corrected NTA was sufficient to vest the Philadelphia Immigration Court with both jurisdiction and venue. The Board agreed.

The IJ and BIA properly rejected Remarque's unsupported allegation that he was not served with the Philadelphia NTA. "[I]n the absence of clear evidence to the contrary, courts presume that [government officials] have properly discharged their official duties." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (citation omitted). Although Remarque alleges that the agency falsified the certificate of service for the corrected NTA, his bare allegation is insufficient to overcome the presumption that government officials discharge their duties in good faith.[1]

Moreover, to the extent that Remarque asserts that the agency's improper venue-change violated the applicable regulations as well as his due process rights, he has not demonstrated prejudice. *See Serrano-Alberto v. XJ.S. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017). While he alleges that he was prejudiced by having to proceed under Third Circuit instead of Fourth Circuit law, he does not explain how Fourth Circuit law would have led to a different outcome.

Remarque also asserts that he was denied due process when the IJ admitted

---

[1] For this reason, Remarque's equitable-estoppel claim also fails. *See Cheruku v. Att'y Gen.*, 662 F.3d 198, 208 (3d Cir. 2011) (requiring a petitioner claiming equitable estoppel to "show that the DHS made a misrepresentation upon which he reasonably relied to his detriment, and that the DHS engaged in affirmative misconduct." (cleaned up)).

unauthenticated criminal records from PACER.[2]  It appears that the Government, to establish a record of Remarque's criminal convictions, submitted the relevant judgments from the United States District Court for the District of Maryland and United States Court of Appeals for the Fourth Circuit.  To authenticate the documents, Supervisory Deportation Officer Stephen Waite stated, under penalty of perjury, that the judgments were obtained from PACER.

The agency properly admitted the documents.  The Board has stated that the precise methods of authenticating criminal records described in § 240(c)(3)(C) and 8 C.F.R. § 1003.41 "are not mandatory or exclusive," and an IJ "may admit documents that are authenticated in other ways if they are found to be reliable." *In re Velasquez*, 25 I. & N. Dec. 680, 684 (BIA 2012); *see also Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1196–97 (9th Cir. 2006) ("The guiding principle is that proper authentication requires some sort of proof that the document is what it purports to be.").  Here, the judgments obtained from PACER bore the case numbers and filing dates, and they were signed by judges.  These indicia of authenticity, taken together with the DHS official's declaration, were sufficient.

---

[2] Remarque also contends that the agency violated due process by arbitrarily refusing to consider his Petition to Remove Conditions on Residence (Form I-751).  Remarque sought relief under 8 U.S.C. § 1186a(c)(4), which "explicitly assigns to the Attorney General the discretion to 'remove the conditional basis of the permanent resident status for an alien' who demonstrates one of the three qualifications for waivers[.]" *Urena-Tavarez v. Ashcroft*, 367 F.3d 154, 160-61 (3d Cir. 2004).  But "because discretionary relief is necessarily a matter of grace rather than of right, aliens do not have a due process liberty interest in consideration for such relief.*" United States v. Torres*, 383 F.3d 92, 104 (3d Cir. 2004).  Thus, Remarque's due process claim lacks merit.

5

We now turn to the question of Remarque's removability. He argues that his statute of conviction, 18 U.S.C. § 2252A(a)(2)(A), is not a CIMT under § 1227(a)(2)(A)(i). We use the categorial approach to answer this question, comparing the statute of conviction to the generic federal definition of a CIMT, while ignoring the particular facts of Remarque's case. *See Sasay v. Att'y Gen.*, 13 F.4th 291, 296 (3d Cir. 2021). We must consider whether "the least culpable conduct necessary to sustain a conviction under the statute" would still qualify as a CIMT. *Partyka v. Att'y Gen.*, 417 F.3d 408, 411 (3d Cir. 2005).

"Crimes involving moral turpitude have been held to require conduct that is 'inherently base, vile, or depraved.'"[3] *Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 465 (3d Cir. 2009) (quoting *Knapik v. Ashcroft*, 384 F.3d 84, 89 (3d Cir. 2004)). We have stated that "it is readily apparent that crimes involving possession of child pornography are morally turpitudinous." *Moreno v. Att'y Gen.*, 887 F.3d 160, 166 (3d Cir. 2018) (cleaned up).

Remarque contends that his statute of conviction, § 2252A(a)(2)(A), is overbroad because it criminalizes receipt of computer-generated images of child pornography, which, he claims, is not turpitudinous. He is correct that "child pornography" is defined as "any visual depiction, including any photograph, film, video, picture, *or computer or*

---

[3] The other requirements of § 1227(a)(2)(A)(i) have been met. Remarque committed the receipt of child pornography offenses approximately three months after his admission as a conditional lawful permanent resident, and he committed the possession of child pornography offense approximately 11 months after his admission. Those offenses are punishable by a sentence of one year or longer. § 2252A(b)(1) & (2).

*computer-generated image or picture*," that "is, or appears to be, of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(B) (emphasis added). Before his conviction, however, the Supreme Court struck down, as violative of the First Amendment, the inclusion of virtual images. *See Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 256-57 (2002) (holding that § 2256(8)(B) is "overbroad and unconstitutional"); *see also United States v. Williams*, 553 U.S. 285, 313-14 (2008) (Souter, J., dissenting) (stating that "*Free Speech Coalition* reaffirmed that nonobscene virtual pornographic images are protected, because they fail to trigger the concern for child safety that disentitles child pornography to First Amendment protection"). Accordingly, in prosecutions under § 2252(a)(2)(A), "the government has the burden of proving beyond a reasonable doubt that the images were of actual children, not computer-generated images." *United States v. Salcido*, 506 F.3d 729, 733 (9th Cir. 2007) (per curiam). Consequently, the least culpable conduct to sustain a conviction under § 2252A(a)(2)(A) necessarily involves receipt of images of actual children. Because such a conviction qualifies as a CIMT, *see United States v. Santacruz*, 563 F.3d 894, 896-97 (9th Cir. 2009) (per curiam) (holding that the federal statute criminalizing knowing possession of child pornography was a CIMT), the Board properly held that Remarque is removable.[4]

---

[4] In light of this conclusion, we need not address whether a conviction under § 2252A(a)(2)(A) also may constitute a "crime of child abuse, child neglect, or child abandonment" under § 1227(a)(2)(E)(i). *See Lopez v. Att'y Gen.*, 914 F.3d 1292, 1301 (11th Cir. 2019) ("Because the BIA correctly determined that [the petitioner] was removable for having been convicted of a controlled substance violation, we may deny his petition for review on that basis alone and need not address whether his prior conviction is also a CIMT.").

IV.

Finally, Remarque argues that the Board abused its discretion in denying his motion for reconsideration "by merely repeating its prior conclusions without addressing material errors of law and fact." Br. 25. He further asserts that the BIA "failed to address the specific arguments and evidence raised in the motion, including errors related to CIMT and child abuse classification and evidence admissibility." *Id.* at 26-27. Contrary to Remarque's belief, however, the Board considered his arguments and elaborated on its prior conclusions.[5] *Cf. Sevoian v. Ashcroft*, 290 F.3d 166, 178 (3d Cir. 2002) ("The Board is not required to write an exegesis on every contention"; it is only required "to show that it has reviewed the record and grasped the movant's claims.") (quotation marks omitted)). In sum, because the Board's denial of the motion for reconsideration was not "arbitrary, irrational, or contrary to law," *Borges*, 402 F.3d at 404 (quotation marks omitted), we will not disturb its decision.

V.

For the foregoing reasons, we will deny the consolidated petitions for review. Remarque's motion for summary dismissal is denied.

---

[5] In particular, the Board explained that Remarque "still has not shown . . . that he was able to overcome the presumption of effective personal service of an NTA or the presumption that government officials properly discharge their duties in good faith." It also reiterated that Remarque's record of conviction of conviction was properly authenticated, stating that the "conviction records in the present case are the type authorized by statute and regulations." And the Board described why Remarque's conviction for receipt of child pornography "does not in effect outlaw the possession of virtual child pornography."